UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT BILLINGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHURCH,<br><br>　　　　　Defendants. | No.  2:15-cv-0419 AC P<br><br><br>ORDER |

  Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 15, 17.  Accordingly, the request to proceed in forma pauperis will be granted.

  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless.") (citation and internal quotations omitted)), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Franklin, 745 F.2d at 1227.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.   Complaint

In the complaint, plaintiff alleges that his Eighth Amendment rights were violated when transportation officers transported him from the hospital by car when the doctor had ordered he be transported by ambulance. ECF No. 1 at 3. He alleges that he was still recovering from surgery and that as a result of being transported by car, his wound re-opened, causing intense pain and significant bleeding. Id. Plaintiff names Dr. Church as his only defendant. Id. at 2. He seeks monetary relief. Id. at 4.

III.   Failure to State a Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and

1  disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057
2  (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate
3  indifference can be established "by showing (a) a purposeful act or failure to respond to a
4  prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d
5  at 1096 (citation omitted).  "A prisoner need not prove that he was completely denied medical
6  care.  Rather, he can establish deliberate indifference by showing that officials intentionally
7  interfered with his medical treatment." *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000)
8  (citations omitted) (en banc).  A difference of opinion between an inmate and prison medical
9  personnel—or between medical professionals—regarding appropriate medical diagnosis and
10 treatment are not enough to establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d
11 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.

12     Plaintiff names Dr. Church as the only defendant, but the complaint does not contain any
13 allegations against Dr. Church.  ECF No. 1 at 2-3.  The attachments to the complaint, on the other
14 hand, include a letter in which plaintiff states that "Dr. Church told [plaintiff] that it was all on
15 him to get [plaintiff] back to C-H-C-F prison by all means." Id. at 11.  Additionally, a health care
16 appeal response states that transporting plaintiff with a state vehicle "was an urgent medical
17 decision made by the Chief Physician & Surgeon," but does not identify the Chief Physician &
18 Surgeon.  Id. at 14.  Based upon the attachments to the complaint and a subsequent letter filed by
19 plaintiff (ECF No. 14), it appears that he may be attempting to allege that Dr. Church was the
20 individual who decided that plaintiff should be transported by car rather than by ambulance.

21     In its current state, the complaint presents only a claim of supervisory liability against Dr.
22 Church, and "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880
23 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be liable for the constitutional violations of
24 his subordinates if he "knew of the violations and failed to act to prevent them." Id.  The
25 complaint against Dr. Church fails to allege that he knew of the allegedly inappropriate method of
26 transportation and failed to stop it and will therefore be dismissed with leave to amend.

27     If plaintiff seeks to bring a claim against Dr. Church, he must specify, in the body of the
28 complaint, not in the attachments, what Dr. Church did or failed to do that caused him harm.  He

cannot simply allege that Dr. Church is responsible for his injuries because he was ultimately responsible for transportation. In other words, plaintiff must show that Dr. Church had some knowledge that plaintiff was going to be transported in an inappropriate manner and that Church failed to make sure plaintiff was transported safely.

It is not clear whether plaintiff is attempting to bring a claim against the officers that transported him. He does not identify either officer by name and does not list them, even as Doe defendants, in the "Defendants" section of the complaint. ECF No. 1 at 2-3. If plaintiff is attempting to include the transportation officers as defendants, he is advised that the use of fictitiously named Doe defendants is generally not favored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, amendment is allowed to substitute true names for fictitiously named defendants. Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). Plaintiff is further advised that even if he is able to state a claim against the transportation officers, the court is unable to serve unidentified defendants and will not be able to serve the complaint on the officers until they are identified by name.

IV.     Leave to Amend

The court will provide plaintiff an opportunity to file a first amended complaint to attempt to cure the deficiencies identified above. If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, there is no respondeat superior liability under § 1983. Taylor, 880 F.2d at 1045. "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection

1   between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652
2   F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).
3   Supervisory liability may also exist without any personal participation if the official implemented
4   "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the
5   moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435,
6   1446 (9th Cir. 1991) (citations and internal quotations marks omitted), abrogated on other
7   grounds by Farmer, 511 U.S. 825.  Therefore, to the extent plaintiff seeks to bring claims against
8   supervisors, he cannot simply rely on their position as supervisors and must identify the actions
9   taken by the individuals that violated or led to the violation of his rights or identify the deficient
10  policy the supervisor implemented.

11       Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
12  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be
13  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
14  amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
15  1967), overruled in part by Lacey v. Maricopa Cnty., 693 F.3d 896, 929 (9th Cir. 2012) (claims
16  dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent
17  amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the
18  original pleading no longer serves any function in the case.  Therefore, in a first amended
19  complaint, as in an original complaint, each claim and the involvement of each defendant must be
20  sufficiently alleged.

21  V.      Summary

22       Plaintiff's request to proceed in forma pauperis is granted.

23       The complaint is dismissed because Plaintiff did not explain how Dr. Church caused his
24  injury. Plaintiff will be given a chance to amend his complaint to explain what Dr. Church did or
25  did not do that caused his injury. If plaintiff also wants to bring a claim against the transportation
26  officers, he needs to list them in the "Defendants" section of the complaint form, but the court
27  will not be able to serve them with the complaint until plaintiff identifies them by name. If
28  plaintiff chooses to amend his complaint, the amended complaint must include all the claims

plaintiff wants to make because the court will not look at the claims in the original complaint or any other documents plaintiff has already filed.  If plaintiff does not file an amended complaint within thirty days of service of this order, the court will recommend that this case be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 15, 17) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The first amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file a first amended complaint in accordance with this order will result in dismissal of this action.

DATED: January 4, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE