UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT BILLINGER, | No. 2:15-cv-0419 AC P |
| Plaintiff, | |
| v. | ORDER |
| CHURCH, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In the present case, the court does not find the required exceptional circumstances.

1    Plaintiff requests that counsel be appointed for the limited purpose of assisting him in
2 drafting an amended complaint or alternatively that the case be stayed until he is paroled in
3 January 2017.  ECF No. 22.  He states that he has no legal education and has done everything he
4 knows how to in order to state a claim.  Id.  In screening the original complaint, the court outlined
5 the applicable legal standards for plaintiff and explained to him what he would have to show in
6 order to state a claim.  ECF No. 18.  There is no evidence that plaintiff has tried to follow the
7 court's instructions or that he is unable to draft an amended complaint that states a claim without
8 the assistance of counsel.  Plaintiff's request for counsel will be denied without prejudice and the
9 court will extend plaintiff's time to file a first amended complaint.  Plaintiff should refer to the
10 instructions for filing an amended complaint contained in the court's January 5, 2016 order.

11   With respect to plaintiff's alternative request that the case be stayed until January 2017,
12 "the power to stay proceedings is incidental to the power inherent in every court to control the
13 disposition of the causes on its docket with economy of time and effort for itself, for counsel, and
14 for litigants."  Landis v. North Am. Co., 299 U.S. 248, 254 (1936).

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.  Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

20 CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  "Generally, stays should not be
21 indefinite in nature." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059,
22 1066 (9th Cir. 2007).  If a stay is especially long or its term is indefinite, a greater showing is
23 required to justify it.  Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).  Plaintiff's lack of
24 legal education and counsel are circumstances faced by most inmates and do not warrant staying
25 this case for a year.

26   Plaintiff is reminded that if he wants to state a claim against Dr. Church, he must explain
27 how Dr. Church is responsible for his injury.  The original complaint explained only what the
28 transportation officers did and, other than being listed as a defendant, Dr. Church was mentioned

2

only in the exhibits. ECF No. 1. However, even in the exhibits plaintiff did not explain what Dr. Church did or why Dr. Church was responsible. In drafting the amended complaint, plaintiff should not rely on exhibits to make his claims against Dr. Church. In other words, plaintiff must explain, in his own words, what Dr. Church did and why Dr. Church was responsible. For example, in a letter plaintiff sent after filing the complaint, he stated that Dr. Church "was the one to make that call that I be transfer[r]ed back to C-H-C-F Stockton by all mean[s] necessar[y] . . . and that he was sorry and he s[h]ould have let me stay till the morning so the ambulance would come." ECF No. 14. The letter indicates that Dr. Church made the decision that plaintiff should be transferred by car rather than by ambulance, but plaintiff did not include these claims in his original complaint. If these are the claims plaintiff is trying to make, he needs to put them in his amended complaint and not in separately filed documents because the court will only look at the complaint to decide if plaintiff has stated a claim.

Summary

Plaintiff's request for counsel is denied at this time because plaintiff has not shown that he has tried to follow the court's instructions for filing an amended complaint and is unable to. Plaintiff will be given additional time to file an amended complaint. Plaintiff's alternative request to stay the case until January 2017 is also denied because his lack of legal education and an attorney are common problems for inmates and are not enough reason to stay the case for a year.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 22) is denied without prejudice.

2. Plaintiff's motion for a stay (ECF No. 22) is denied.

3. Plaintiff shall have an additional thirty days, up to March 9, 2016, to file a first amended complaint.

DATED: January 26, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3