UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT BILLINGER, | No. 2:15-cv-0419 AC P |
| Plaintiff, | |
| v. | ORDER |
| CHURCH, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 13.

By order filed January 5, 2016, the court screened plaintiff's complaint and dismissed it with leave to amend. ECF No. 18. Plaintiff then requested appointment of counsel, claiming that he had no legal education and had already done everything he knew how to in order to state a claim. ECF No. 22. The motion was denied because plaintiff did not show that he had tried to follow the court's instructions and was unable to. ECF No. 23. Plaintiff was again given instructions on the type of information he needed to provide to state a claim and was also directed to the instructions in the court's previous order. Id. He was given additional time, until March 9, 2016, to file an amended complaint. Id.

On February 2, 2016, plaintiff filed a one-page statement in which he appeared to

summarize his claims against defendant Church.  ECF No. 24 at 1.  The document stated that its purpose was to provide information and that it was a "response to document (petition) of the court request."  Id.  The document did not include any request for relief and it was not clear whether plaintiff was attempting to supplement the original complaint or if the document was intended as his amended complaint.  Id.  Because the document was not in the proper form, did not identify itself as an amended complaint, or comply with the court's instructions for an amended complaint, it was not considered as an amended complaint and plaintiff was reminded that he had until March 9, 2016, to file his first amended complaint.  ECF No. 25.  The Clerk of the Court was also instructed to send plaintiff a copy of the prisoner complaint form used in this district.  Id.  Plaintiff's deadline to file an amended complaint passed without any action by plaintiff and by order filed April 7, 2016, plaintiff was given a final opportunity to amend the complaint.  ECF No. 26.  Plaintiff was given an additional thirty days to file an amended complaint and was warned that if he did not file an amended complaint, the case would be dismissed.  Id. at 2.  Thirty days have passed and plaintiff has not filed an amended complaint or otherwise responded to the order.

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  "District courts have the inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. United States Postal Serv., 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the court must

consider several factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.

Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing Ash v. Cvetkov, 739 F. 2d 493, 496 (9th Cir. 1984); Mir v. Fosburg, 706 F.2d 916, 918 (9th Cir. 1983)).

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  This action has been pending since January 2015, and since the court's February 11, 2016 order, plaintiff has made no attempt to contact the court or otherwise comply with that order.  The court cannot hold this case in abeyance awaiting such compliance by plaintiff.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal.  The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citing Alexander v. Pac. Mar. Ass'n, 434 F.2d 281 (9th Cir. 1970); Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1968)).  This is because "[t]he law presumes injury from unreasonable delay."  Id. (citing States S.S. Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970)).

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, the court has already provided plaintiff additional time to comply rather than dismiss the complaint and warned him that failure to file an amended complaint would result in dismissal of the action.  ECF No. 26.  The court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the "consideration of the alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424.  The court's April 7, 2016 order giving plaintiff another opportunity to comply with the January 5, 2016 order to file an amended complaint expressly stated that "[i]f plaintiff does not file an

amended complaint, this case will be dismissed." ECF No. 26 at 2.  Thus, plaintiff had adequate warning that dismissal could result from his noncompliance with the court's order.

Summary

This case is being dismissed without prejudice because plaintiff has not filed an amended complaint.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice for failure to comply with a court order and failure to prosecute.  Fed. R. Civ. P. 41(b); L.R. 110.

DATED: May 23, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE